IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

RAYMOND PARCON,                                              OPINION AND ORDER

              Petitioner,                                          22-cv-376-bbc

v.

R.D. KEYES, Warden,
FCI Oxford,

              Respondent.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Petitioner Raymond Parcon, appearing pro se, has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241. Dkt. #1. Petitioner was convicted and received a 24-month term of imprisonment in the Northern District of Illinois, which he was serving at FCI Oxford when he filed this petition. Petitioner contends that he is entitled to 90 days of earned time credit under the First Step Act, under which an eligible prisoner may earn time credits ("FTCs") when he successfully completes evidence-based recidivism reduction programming or productive activities. 18 U.S.C. § 3632(d)(4)(A). Under the Act, the Director of the Federal Bureau of Prisons can apply FTCs either toward time in prerelease custody, such as residential reentry centers or home confinement, or towards a term of supervised release. 18 U.S.C. § 3632(d)(4)(C).

      Petitioner filed his petition on July 11, 2022, asserting that the BOP had miscalculated his sentence and that he should have been released on June 24, 2022. He further indicated that he was pursuing his administrative remedies but had not yet completed the process. Petitioner asked the court to order his "immediate release" and for

1

the BOP to apply any extra FTCs to his supervised release. From the petition and its attachments, I understand that by "immediate release," petitioner is asking for pre-release custody or home detention. See dkt.#1-3 (asking for consideration for pre-release custody); dkt. #1-2 (highlighting home detention eligibility date).

The government asks the court to deny the petition, for two reasons. Dkt. #9. First, it argues that petitioner failed to show that grounds exist to excuse him from the requirement that he completely exhaust his administrative remedies before filing his petition. See Szafian v. Keyes, No. 22-CV-120-JDP, 2022 WL 2709084, at *2 (W.D. Wis. June 3, 2022) (discussing exhaustion requirement). Second, the government argues that habeas relief is unnecessary because, after recalculating petitioner's sentence to account for FTCs petitioner had earned since January 2022, the BOP determined that he was eligible for release to Elderly Home Confinement on August 16, 2022. Dkt. #9. A change-of-address notification from petitioner confirms that he was released to home confinement on August 16. Dkt. #12.

Although the government's concerns about administrative exhaustion are valid, I decline to reach that issue because it is plain that petitioner is not entitled to relief on the merits. He has obtained the earlier transfer to prerelease custody for which he petitioned. He has not filed a reply brief, so he appears to have no challenge to the manner in which the BOP recalculated his sentence. Finally, the decision by the BOP to apply petitioner's FTCs towards his time in prerelease custody instead of supervised release is a matter within the BOP's discretion and not reviewable by this court. See Roberts v. Cox, No.

4:20-CV-04187-KES, 2022 WL 742489, at *2 (D.S.D. Mar. 11, 2022) (noting that other than 12-month limit on supervised release, "the BOP has the discretion to place inmates who are eligible for sentence reductions because of time credits under the First Step Act."). Accordingly, because petitioner has not shown that he is in custody in violation of the laws or Constitution of the United States, his petition must be denied.

## ORDER

Raymond Parcon's petition for a writ of habeas corpus under 28 U.S.C. § 2241 is DENIED. No certificate of appealability will issue. The clerk of court is directed to close this case and send petitioner a copy of this order.

Entered this 7th day of September, 2022.

BY THE COURT:

/s/
_____
BARBARA B. CRABB
District Judge